

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**JOHN BEN SHEPPERD**
ATTORNEY GENERAL

July 29, 1953

Hon. Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Opinion No. S-75

Re: Validity of a contract for
printing and stationery for
the Legislature which was
not let on competitive bids
and approved by the Governor,
Secretary of State, and
Comptroller of Public Ac-
counts prior to performance
under said contract.

Dear Mr. Calvert:

You have requested an opinion on the following questions:

"1. Does the Legislature have the
authority to provide for stationery and print-
ing, binding, equipment, and secure repairs
for the use of the Legislature without the
letting of a contract upon competitive bids?

"2. If contracts must be let for print-
ing and binding, do they require approval
of the Governor, Secretary of State, and
Comptroller?

"3. If the above listed items must be
obtained or performed under contract, does
Article 616 also apply?

"4. After a regular contract has been
let to the lowest responsible bidder for all
stationery, printing and binding, and the
repairing and the furnishing the halls and

rooms used for the meeting of the Legislature and its committees, should the Legislature disregard the regular contract and purchase any or all of the items listed above from a person other than the lowest bidder in the regular contract and at a price equal to or less than the price set out in the regular contract, would the Governor, Secretary of State, and Comptroller be authorized to approve this last purchase by the Legislature and would such approval authorize the issuance of warrants in payment of a claim for such purchases?"

Section 21 of Article XVI of the Constitution of Texas, provides:

"All stationery and printing, except proclamations and such printing as may be done at the Deaf and Dumb Asylum, paper, and fuel used in the Legislature and other departments of the government, except the Judicial Department, shall be furnished, and the printing and binding of the laws, journals and department reports, and all other printing and binding and the repairing and furnishing the halls and rooms used for the meetings of the Legislature and its committees, shall be performed under contract, to be given to the lowest responsible bidder, below such maximum price, and under such regulations, as shall be prescribed by law. No member or officer of any department of the government shall be in any way interested in such contract; and all such contracts shall be subject to the approval of the Governor, Secretary of State and Comptroller."

The provisions above quoted are mandatory and the approval of the Governor, Secretary of State and Comptroller is essential to the validity of any contract governed by its provisions. Teer v. McGann, 65 S.W.2d 362 (Tex.Civ.App. 1933). In State v. Steck Co., 236

S.W.2d 866 (Tex.Civ.App. 1951, error ref.) the court held invalid a contract for the manufacture of cigarette tax stamps which had not been let on a competitive bid basis and was not approved by the Governor, Secretary of State and Comptroller. The Court stated:

> ". . . There the court found the stamps were 'manufactured'; if so, then the contract for their manufacture were required to be awarded in the manner provided in Art. 7047c-1, Sec. 3, supra. If printed, then such contract was required to be awarded in the manner provided in that Article and also, Art. XVI, Sec. 21 of the Constitution, supra.
>
> ". . .
>
> ". . . In making the contract before us, the officers of the State could exercise only those powers conferred on them by the law of the State, and the power to make the contract, as it was made, is not provided in that law, for which reason a legal obligation against the State was not created by the unauthorized contract, and appellee's claim was not provided for by 'pre-existing law'. Fort Worth Cavalry Club v. Sheppard, 125 Tex. 339, 83 S.W.2d 660; Austin National Bank v. Sheppard, 123 Tex. 272, 71 S.W.2d 242; Nichols v. State, 11 Tex.Civ.App., 327, 32 S.W. 452, Er.Ref.; State v. Perlstein, Tex.Civ.App., 79 S.W.2d 143, Er.Dis."

In view of the foregoing we answer your questions as follows:

1. The Legislature does not have authority to provide for stationery and printing, binding, equipment, and repairs for the use of the Legislature without the letting of a contract upon competitive bids. Tex.Const., Art. XVI, Sec.21; Teer v. McGann, supra; State v. Steck Co., supra.

2. Such contracts must be approved by the Governor, Secretary of State and Comptroller. Teer v. McGann, supra.

3. Article 616, Vernon's Civil Statutes, applies to such contracts for printing and stationery. However, the Comptroller can only approve such accounts if the contract meets the requirements of Section 21 of Article XVI of the Constitution of Texas.

4. Supplies and services enumerated in Section 21 of Article XVI of the Constitution of Texas cannot be purchased from anyone who does not hold a contract therefor which has been let on competitive bids and which has been approved by the Governor, Secretary of State, and Comptroller, even though the price paid is not in excess of the regular contract price then in force for similar supplies and services. If additional supplies or services not covered by the original contract are needed, a new contract must be entered into for such additional supplies or services in compliance with Section 21 of Article XVI of the Constitution. State v. Steck Co., supra.

## SUMMARY

Section 21 of Article XVI of the Constitution of Texas requires that stationery and printing, binding, and the repairing and furnishing of the halls and rooms used for meetings of the Legislature be furnished by the letting of contracts on competitive bids and that the contracts be approved by the Governor, Secretary of State and Comptroller.

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

APPROVED:

B. Duncan Davis
County Affairs Division

Mary K. Wall
Reviewer

Robert S. Trotti
First Assistant

John Ben Shepperd
Attorney General

By John Reeves
John Reeves
Assistant

JR:am